UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-172M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| BERNARDINO SANTOS-RAMIREZ | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:

    Illegal Reentry after Deportation

<u>Date of Detention Hearing</u>:   Initial Appearance April 12, 2006

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

    <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

    (1)    Defendant is charged by Complaint with entering the United States without

DETENTION ORDER     15.13
18 U.S.C. § 3142(i)     Rev. 1/91
PAGE 1

permission, having previously been deported.

(2) Defendant was born in Mexico. He was not interviewed by Pretrial Services. There is limited background information available. Defendant's criminal history includes drug charges, failures to appear, VUCSA, and deportation proceedings. He is associated with eighteen alias names and ten dates of birth.

(3) An immigration detainer has been placed. Based on this, the defendant does not contest detention.

(4) The defendant poses a risk of nonappearance due to prior failure to comply with court orders, association with alias forms of identification, prior deportation proceedings, and immigration detainer. He poses a risk of danger due to his criminal history.

(5) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is

confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this  12th  day of  April, 2006.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge